## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL KELLY<br>13 Carrigan Avenue<br>Spring City, PA 19475 | : | |
| Plaintiff, | : | CIVIL ACTION NO. _____ |
| | : | |
| vs. | : | |
| | : | |
| CHEMALLOY COMPANY, INC.<br>996 E. Railroad Avenue<br>Bryn Mawr, PA 19010 | : | |
| | : | |
| and | : | |
| | : | |
| CHEMALLOY COMPANY, LLC<br>996 E. Railroad Avenue<br>Bryn Mawr, PA 19010 | : | |
| | : | |
| and | : | |
| | : | |
| NIZI INTERNATIONAL (US), INC.<br>4040 Embassy Parkway, Suite 140<br>Akron, OH 44333 | : | |
| Defendant | : | |

## CIVIL ACTION – COMPLAINT

Plaintiff Michael Kelly ("Plaintiff") brings this action against Defendant Chemalloy Company, Inc. and its successor entities, Chemalloy Company, LLC and/or Nizi International, Inc. ("Defendants"), for violations of the Americans with Disabilities Act, 42 U.S.C.A. §12101, *et. seq.* (as amended by the provisions of the Americans with Disabilities Amendments Act of 2008, P.L. 110-325)("ADA") and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 *et. seq.* ("PHRA"). Defendant also violated public policy in Pennsylvania, in interfering with Plaintiff's rights under the Workers' Compensation Act. Plaintiff alleges and avers:

## PARTIES

1.      Plaintiff, Michael Kelly, is an adult individual who currently resides at the above referenced address and at all times relevant was employed by Chemalloy Company, Inc. as a Production Worker, working at 1301 Conshohocken Road, Conshohocken, PA 19428.

2.      Defendant, Chemalloy Company, Inc., is an entity or organization duly existing under the laws of the Commonwealth of Pennsylvania, which at all times relevant, had a place of employment at 1301 Conshohocken Road, Conshohocken, PA 19428 and was Plaintiff's employer.

3.      Defendant, Chemalloy Company, LLC, is an entity or organization duly existing under the laws of the Commonwealth of Pennsylvania, which, on information and belief, is the successor organization to Defendant, Chemalloy Company, Inc. and continued operations for Defendant, Chemalloy Company, Inc., after around March 9, 2014 when Nizi International (US), Inc. acquired substantially all of the business and assets of Defendant, Chemalloy Company, Inc.. Defendant Chemalloy Company, LLC is subject to service of legal process at CT Corporation, 1515 Market Street, #1210, Philadelphia, PA 19102.

4.      Defendant, Nizi International (US), Inc., is an entity or organization duly existing under the laws of the Commonwealth of Pennsylvania, which, on information and belief, is a successor organization of Defendant, Chemalloy Company, Inc. and acquired substantially all of the business and assets of Defendant, Chemalloy Company, Inc., including possibly claims and debts.

5.      At all times relevant Defendant Chemalloy Company, Inc., Defendant, Chemalloy Company, LLC, and, Defendant, Nizi International (US), Inc. (hereinafter jointly "Defendants") agreed, accepted, adopted, acquiesced, and were otherwise bound by the actions, omissions, and

2

conduct of their officers, employees, and agents.

## JURISDICTION AND VENUE

6.      Subject matter jurisdiction for Plaintiff's claims under the ADA are proper under Federal Question Jurisdiction, 28 U.S.C.A. § 1331 and 29 U.S.C.A. § 216 and jurisdiction for Plaintiff(s) claims of violations of PHRA and public policy, are also proper under Supplemental Jurisdiction, 28 U.S.C.A. § 1367.

7.      Venue is proper before the United States District Court for the Eastern District of Pennsylvania as Defendant resides, is a citizen, and regularly conducts business in Delaware County, Pennsylvania, and thus avails itself of the Eastern District of Pennsylvania. Additionally, all actions and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FACTS

8.      At all times relevant, Plaintiff was a Production Worker, working the third shift for Defendants, which began at 11:30 p.m. and continued to 7:35 a.m. the following day.

9.      At all times relevant, Plaintiff worked under the third shift foreman Charles Lowry.

10.     Plaintiff's shift consisted of three individuals, including Plaintiff and foreman Charles Lowry.

11.     As a Production Worker, Plaintiff was responsible for packaging bags, dumping drums, screening machines, and a variety of other labor intensive activities.

12.     Around April 2, 2014 Plaintiff began having back pain.

13.     Plaintiff had prior low back problems which had put him out of work and Defendant, by and through Mr. Lowry, were aware of Plaintiff's prior back problems.

3

14.     On or about April 2, 2014, Plaintiff informed Mr. Lowry that he was under a doctor's care for back pain and would have injection procedures, which could affect his work performance.

15.     In response, Mr. Lowry told Plaintiff to do the best he could.

16.     On April 9, 2014 Plaintiff received a note from his doctor which limited him from heavy lifting for several weeks.

17.     At the beginning of Plaintiff's shift, April 9, 2014, Plaintiff informed Mr. Lowry of the note and his doctor's recommendation of no heavy lifting.

18.     Plaintiff had been limiting his heavy lifting in the days prior by having his co-worker shoulder most of the heavy lifting while Plaintiff worked the machine.

19.     At the end of the same shift, in the morning of April 10, 2014, Plant Manager Luis Spiezio approached Plaintiff and informed Plaintiff he was terminated for poor work performance.

20.     Plaintiff told Mr. Spiezio about his doctor's note, but Mr. Spiezio said he did not want to see the note.

21.     On information and belief, Mr. Lowry had informed Mr. Spiezio during the shift that Plaintiff's doctor had recommended no heavy lifting.

22.     At the time of his termination, Plaintiff was not under any verbal or written warning endangering his employment for poor work performance.

23.     At the time of his termination, Plaintiff had been doing acceptable work, even with his back condition.

24.     In terminating Plaintiff, Defendants violated their/its own rules and procedures.

4

25.    Plaintiff was replaced by a non-disabled individual.

26.    Plaintiff was terminated as a retaliation for informing his employer of his back condition, upcoming injections, and his inability to do heavy lifting.

27.    Defendant failed to engage the interactive process with regard to Plaintiff's inability to do heavy lifting, which was a request for a reasonable accommodation.

28.    Plaintiff was terminated due to Defendants intent to interfere with Plaintiff's rights to Workers' Compensation benefits.

29.    Plaintiff has administratively exhausted his claims for disability discrimination, having filed a timely charge of discrimination with the Equal Employment Opportunity Commission, which was dual filed with the Pennsylvania Human Relations Commission; and subsequently received a Notice of Right to Sue.  See Exhibit "A" – Notice of Right to Sue.

### COUNT ONE
### Disability Discrimination – Mixed Motive
### Americans with Disabilities Act (ADA) of 1990, 42 USCA §12101 *et. seq.*
### Plaintiff v. Defendants

30.    Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

31.    Defendants is/are/were an employer under the ADA because it/they are/were a partnership, association, corporation, and/or organization engaged in industry affecting commerce that has twenty-five (25) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

32.    Plaintiff had a disabilities under the ADA and under the Amended ADA

5

effective January 1, 2009, as Plaintiff's low back condition substantially limits him from major life activities including: work, lifting, standing, and other everyday life activities.

33.     Plaintiff's conditions substantially limit him from major life activities.

34.     Plaintiff is a qualified individual under the ADA meaning with or without reasonable accommodation he could perform the essential functions of the employment position for Defendants.

35.     On April 9, 2014 Plaintiff gave Defendant notice in the form of a doctor's note that his low back condition prevented him from performing all, or his complete, job responsibilities.

36.     Without engaging the interactive process or otherwise considering an accommodation for Plaintiff's condition, Defendants terminated Plaintiff.

37.     Defendants terminated Plaintiff the same day he provided notice of his low back condition and/or inability to perform heavy lifting.

38.     Defendants' decision to terminate Plaintiff was motivated, in full or in part, by Plaintiff's disability.

39.     Defendants' decision to terminate Plaintiff was made in furtherance of Defendants' intent to replace him with a non-disabled worker.

40.     Defendants' actions were willful, wanton, reckless, and otherwise support and warrant the imposition of punitive damages.

41.     As a direct and proximate result of Defendants discrimination, Plaintiff has been deprived economic and non-economic benefits including but not limited to loss of wages, loss of benefits, loss of sick time, loss of vacation time, loss of pension,

loss of other employment amenities, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff, Michael Kelly, demands relief from Defendants in the form of compensatory damages, punitive damages, Equitable relief, and all other relief deemed just and proper by the Court.

**COUNT TWO**
**Disability Discrimination – Retaliation**
**Americans with Disabilities Act (ADA) of 1990, 42 USCA §12101 *et. seq.***
<u>**Plaintiff v. Defendants**</u>

42.   Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

43.   Defendants is/are/were an employer under the ADA because it/they are/were a partnership, association, corporation, and/or organization engaged in industry affecting commerce that has twenty-five (25) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

44.   Plaintiff had a disabilities under the ADA as Plaintiff's low back condition substantially limits him from major life activities including: work, lifting, standing, and other everyday life activities.

45.   Plaintiff's conditions substantially limit him from major life activities.

46.   Plaintiff is a qualified individual under the ADA meaning with or without reasonable accommodation he could perform the essential functions of the employment

position with Defendants.

47.    On April 9, 2014 Plaintiff gave Defendant notice in the form of a doctor's note that his low back condition prevented him from performing all, or his full-duty, job responsibilities.

48.    Defendants immediately retaliated against Plaintiff by terminating him.

49.    Defendants terminated Plaintiff the same day Plaintiff provided notice of his low back condition preventing heavy lifting, which raises a temporal presumption of retaliation

50.    Defendants' decision to terminate Plaintiff was a direct retaliation for having informed his supervisor he could not perform heavy lifting and would be undergoing an injection procedure.

51.    Defendant did not have a legitimate business reason for Plaintiff's termination.

52.    Defendants' actions were willful, wanton, reckless, and otherwise support and warrant the imposition of punitive damages.

53.    As a direct and proximate result of Defendants discrimination, Plaintiff has been deprived economic and non-economic benefits including but not limited to loss of wages, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of other employment amenities, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, disruption of personal life, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff, Michael Kelly, demands relief from Defendants in the form of compensatory damages, punitive damages, Equitable relief, and all other relief deemed just and proper by the Court.

8

**COUNT THREE**
**Disability Discrimination, Failure to Accommodate, and Retaliation**
**Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 953, *et. seq.***
**Plaintiff v. Defendants**

54.    Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

55.    Defendants is/are an employer under the PHRA because it "employ[s] four or more persons within the Commonwealth . . . ." 43 P.S. § 954(b).

56.    Plaintiff is an employee under the PHRA pursuant to 43 P.S. § 954(c).

57.    At all relevant times hereto, Defendants knew or should have known that Plaintiff was a qualified individual who performed all the essential functions of her position with or without reasonable accommodation.

58.    At all relevant times hereto, Plaintiff possessed the requisite skill, education, and experience to perform his job.

59.    Plaintiff's impairment is a disability because it substantially limits one or more major life activities, including but not limited to: work, lift, standing, and other major life activities.

60.    At all relevant times hereto Defendants knew that the Plaintiff had an "actual" impairment and that the Plaintiff had given the Defendants a "record-of" his impairment and as such the Plaintiff was disabled and therefore protected by the anti-discrimination provisions of the Pennsylvania Human Relations Act.

9

61.     Plaintiff is fully capable of performing all aspects of his job with Defendants, and is capable of the reasonable and legitimate expectations of his employer despite his disabilities and otherwise possesses the requisite skill, education and experience to perform his job and remains qualified and capable of returning and continuing to work with Defendants, with or without reasonable accommodations.

62.     Plaintiff engaged in the protected activity of requesting a reasonable accommodation by informing his supervisor of his disability and bringing a doctor's note.

63.     Plaintiff was able to complete the essential functions of the job with or without a reasonable accommodation.

64.     Defendants terminated Plaintiff, which was against Defendants rules and procedures and done so when Plaintiff had no warnings of prior work performance problems.

65.     Defendants terminated Plaintiff from employment as a direct result, and was motivated by, unlawful discrimination and retaliation, on the part of Defendants in that it discriminated against and/or terminated Plaintiff based on his actual or perceived disability. This conduct is in violation of the PHRA, 43 P.S. § 953, *et. seq.*

66.     Defendants terminated Plaintiff as a retaliation for him giving a doctor note and request to not do heavy lifting because of his disability.

67.     Defendants have unlawfully discriminated against Plaintiff with regard to his employment, because Defendants, through its agents, have improperly perceived that Plaintiff was handicapped and/or disabled in violation of the PHRA, 43 P.S. § 953, *et. seq.*

68.     Defendants have a custom, policy, and practice of unlawful discrimination and retaliating against disabled persons, including Plaintiff.

69.     As a direct and proximate result of Defendants' failure to engage in the interactive process and failure to reasonably accommodate Plaintiff, and discriminate and retaliate against Plaintiff, Plaintiff has suffered damages including economic damages, personal hardship, physical and emotional distress, severe emotional trauma, loss of reputations, loss of life's pleasures, and anxiety caused by the uncertainty of this employment controversy.

70.     Defendants actions were willful and wanton and warrant the imposition of attorneys fees and costs.

**WHEREFORE,** Plaintiff, Michael Kelly, demands relief from Defendants in the form of compensatory damages, Equitable relief, costs of litigation, attorneys fees, and all other relief deemed just and proper by the Court.

### COUNT FOUR
### Wrongful Termination in Violation of Public Policy in Pennsylvania
### *Shick v. Shirey*, 552 Pa. 590 (1998)
### <u>Plaintiff v. Defendants</u>

71.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

72.     Under the notice provision of the Pennsylvania Workers' Compensation Act, 77 P.S. § 631, an injured worker must provide notice to his or her employer within 21 days of the injury to receive compensation as of the date of injury, and within 120 days for the injury to be compensable.

11

73.     On April 2, 2014 Plaintiff informed his supervisor of back problems.

74.     Plaintiff's back condition and problems were caused or aggravated by work and/or was perceived to have been caused and/or aggravated by work.

75.     On April 9, 2014 Plaintiff informed his supervisor that he was to stop heavy lifting because of his back injury and had a doctor's note.   Furthermore, he informed his supervisor that he was to have an injection because of his back.

76.     Defendants' policy was for an employee, such as Plaintiff, to inform his or her direct supervisor of any work related injuries, to initiate a Workers' Compensation claim.

77.     In an attempt to interfere with Plaintiff's right to Workers' Compensation benefits, Defendants terminated Plaintiff.

78.     Defendants were also aware that Plaitniff's past back problems had also put him out of work previously.

79.     Under the Pennsylvania Workers' Compensation Act, an employer must immediately notify its insurer of an employee's work related injury, and must notify the Pennsylvania Department of Labor and Industry of any disability that lasts more than a day or shift. 77 P.S. § 994.

80.     Under the Pennsylvania Workers' Compensation Act, an employer and its workers compensation insurer must investigate each injury reported or known to the employer and promptly commence payment of compensation due, 77 P.S. 731.1(a). If the insurer challenges the right to compensation, it must promptly notify the employee using the appropriate form. 77 P.S. 731.1(c). This form is known as a Notice of Compensation Denial.

81.     On information and belief, Defendants did not report Plaintiff's low back injury to the Workers' Compensation Insurance carrier.

82.     The Pennsylvania Supreme Court recognized a public policy exception to at-will employment that prevents employers from discharging employees in retaliation for exercising their statutory right to file a claim for workers' compensation benefits under the Pennsylvania Workers' Compensation Act. *See Shick v. Shirey*, 552 Pa. 590 (1998).

83.     Plaintiff suffered an adverse employment action by being terminated.

84.     Plaintiff's protected activity was informing his employer of his work related injury as that notice is applicable to the Workers Compensation Act.

85.     Defendants terminated Plaintiff for attempting to initiate a Workers' Compensation claim although this initiation was in compliance with 77 P.S. §631.

86.     As a direct and proximate result of Defendants interference and wrongful termination of Plaintiff, Plaintiff has been deprived economic and non-economic benefits including but not limited to loss of wages, loss of benefits, loss of sick time, loss of vacation time, loss of pension, loss of other employment amenities, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, disruption of personal life, alienation from society, humiliation , embarrassment, and the loss of enjoyment of the ordinary pleasures of life.

87.     The acts mentioned above were willful, wanton, malicious, reckless,

13

oppressive, and justify the award of punitive damages.

**WHEREFORE**, Plaintiff, Michael Kelly, demands compensatory and punitive damages in addition to counsel fees and costs and such further relief as deemed necessary by the Court.

Respectfully submitted,

KRAEMER MANES & ASSOCIATES, LLC

CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff(s)

Kraemer Manes & Associates, LLC
1150 1st Avenue, Suite 501
King of Prussia, PA 19406
T: 610-844-1779
Fax: 610-646-7436
Email: cd@lawkm.com

Date: 12/29/2015

# Exhibit A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Michael Kelly<br>13 Carrigan Avenue<br>Spring City, PA 19475 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2014-02694 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

#### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

9/30/15
(Date Mailed)

Enclosures(s)

cc:

**CHEMALLOY COMPANY, INC.**

**Chad Flores, Esq. (For Respondent)**